Jones, J.,
dissenting.
This was an ejectment, brought by the plaintiff in error, for the recovery of a lot of ground in St. Louis, wherein a verdict was found for defendants, and judgment given accordingly for them.
On the trial of this cause, a bill of exceptions was filed to the opinion and instructions of the Judge, which states, that on the 28th Oct. 1799, a concession and order of survey was granted hy the Lieutenant Governor of St. Louis, to one Vincent *209 Bouis, for a lot of ground in St. Louis, of which the lot in dispute formed a part; and that the title to said lot, by divers mesne conveyances, was then vested in the plaintiff; by virtue of which said concession, order of survey, and mesne conveyances, and of the act of Congress of 13th June, 1812, confirming town and village'lots to the persons in possession, prior to 20th Dec. 1803, claimed a verdict in his favor. He also claimed such verdict by virtue of prior possession, and proved, that fifteen years since, Bouis quarried stone on part of the lot so conceded to him, though not on the particular part of it now in dispute; and that, five or six years since, a slaughter-house was built by Louis Brazeau, sen., under whom the defendants claimed, on the lot sued for; and that, at the time said Brazeau built the said slaughter-house, it was the first and only time he had occupied the ground. And the plaintiff also produced in evidence, an'application by Louis Brazeau, sen., to the Board of Trustees of the town of St. Louis, dated in September, 1808, for permission to build a slaughter-house on the lot adjoining the one he lived on; which application was made in virtue of an ordinance forbidding slaughtering, except in certain cases.
That the Court, thereupon, instructed the jury, that the plaintiff could not sustain his actton without proof of possession, prior to 1803, and that, in this case, the possession of one spot, to wit: that in the rear of his inclosed lot, could not he considered possession of the adjoining ground in the rear of Brazeau’s lot; which ground, in rear of his lot, he held and claimed all the time, under adverse claim, which was the only part of it which the defendant had ever taken possession of, and over which the ancestor of the defendant had claimed and exercised acts of ownership, and had been (292) reputed to be possessed of, before and ever since the date of the said petition ; to which instructions the plaintiff excepted, and the errors assigned are all founded on the bill of exceptions.
It appears, from the exhibits attached to the hill of exceptions in the cause, that on 17th October, 1799, "Vincent Bouis, under whom the plaintiff' derives title, owned and was possessed of two lots of ground in St. Louis, containing both of them, 215 feet front on Main street, and extending, in depth, towards the Mississippi, eastwardly. 350 feet; and that Louis Brazeau, the ancestor of the defendant, then owned a lot of 25 feet front, on said Main street, of the sam.e depth, bounding on one side, southwardly, on one of the said lots of Bouis. It also appears, that from the termination of the depth of the said lots, there was a vacant space of unappropriated ground between it and the said river Mississippi; and that the commandant, on the 18th Oct., 1799, in pursuance of a petition from Bouis to him of the preceding day, conceded to him, said Bouis, (and ordered the Surveyor to put him in possession,) the said vacant space between the rear of the said lots of Bouis and Brazeau, and the said river. And it may he inferred from the bill of exceptions, that Bouis afterwards sold to Brazeau, a certain part of his said lots, containing 215 feet front on Main street, and adjoining his, said Brazeau’s lot; hut when that sale was made, and the extent so sold does not appear, although, from the plot, as laid down, it extended in depth only 150 feet; a production of the deed from Bouis to Brazeau, would have ascertained the fact.
The only material questions that present themselves for consideration, are:
First. Whether the concession granted to Bouis, in 1799, vested in him a title to the lot in dispute; and if so,
*210 Second. Whether the proof of possession of ene part of the said lot, so granted by the said, concession, does, or does1, not, amount in law to proof of' possession of the whole-..
In my opinion,. a< title under an elder grant or concession from the Trench or Spanish governments, whiles they respectively held- the country, is paramount to every other claims or titles that may he seif up, for any. part of the land! so conceded, by any other than the United States,.or under their authority y and as the United States have, by the act of 1813, given up- all their right in town and village lots, to the several persons who were in possession thereof, on os before the 20lk Dec., 1803,. according, to-theiirrespeative rights thereto; the title of the plaintiff, as assignee of Bouis,. is-good and valid against the defendants, not only by the said coneession, hut., also, by a possession prior tcthe 20th Dec., 1803, who did not pretend to show any title- by concession or grant, either prior or posterior to-that of Bouis,. nor even any actual or implied; possession..
Whether possession of one spot or part of a tract of land,, held under a naked claim, amounts to a possession of the whole, is a question which is not necessary now to decide. I ami, however, of opinion, that possession of part of any, lands or ténements, which are-held! under a grant with specific boundaries, or duly surveyed, is,, in law, a possession of the whole, though not enclosed. 2. Root, 152; 2 Hay, 113, 345.
I am not, however,.under the necessity of recurring: to any of the provisions of the common law, or acts of Congress relating to land claims, in order to form an. opinion of this case. By an act of the-Assembly, of 23d; June, 1816; Digest p.. 228-9, it is-provided that any, person, claiming lands and tenements, by virtue (among other species of title therein mentioned) of any Trench or Spanish grant, or order of survey, which, prior to 10th March, 1804-,.had been surveyed by proper authority,.under the Trench or Spanish governments, and recorded according to the usages and, customs-of the country, although such person may not be in acHal possession, shall and may-maintain, an action of ejectment, or aolion of trespass, in any Court having jurisdiction of the same.. The hill of exceptionsvshows, that a concession was duly granted under the authority of the Spanish government, to Bouis, under whom the plaintiff daimed.. A plat of the ground so granted, formed, part o£'the.-original petition and concession. The-puhlic surveyor (as was usual in all concessions) was ordered to put Bouis in possession of the lot of ground conceded,, (of which the lot in dispute-formed'a part), and the-concession therefor was recorded.
The defendants have urged,.that no proof was made of an actual survey of the lot conceded, prior to lilth March, 1804, and. that, therefore, the plaintiff was not entitled'to recover in his aetion. of ejectment, by virtue of the act of Assembly of January; 1816..
The- dear intention of'the legislature-in passing-that act, appears to me to have-Been to-permit these ac.tions.-to'Be Brought to-reGover damages for trespassing on, or recovering, possession of 'land;,, the- boundaries of which were-so specifically ascertained, so as not to subject men to either of them, upon a mere location or concession for land, thedines of which, could not he.- ascertained:
The defendants- in this case- could; hav-e every information they could wish for, from; the concession on record, as fully,-asdf an actual survey, had been made..
The petition, and concession imconformity to it, gives a very particular and figurative plam of the lot granted.: the-number of. feet it contains, from, the cross street: *211 northwardly, to its intersection with a line extending eastwardly, from the line of a lot which Bonis possessed, westwardly of it, and extending in depth to the river Missis-^sippi. The lines are, therefore, as well ascertained as to length and breadth, as they" could have been if subsequently surveyed by the Spanish officer. A survey was-then unnecessary, so as to distinguish the particular bounds claimed under the con-cession. A survey of town lots was, I believe, never required under the Spanish government, and if it should now be decided that such survey must he proved, on the-trial of any title for a town lot, I will venture to say that, as few if any of them have been actually surveyed, no action can he sustained in any case whore the title to a town lot may come in question.
It has also been insisted on, that no occupancy or improvement has been proved by the plaintiff and that quarrying, stones on a part of it cannot be'considered either as-the one or the other. There is no law or decision that I know of, that prescribes any particular mode in which a grantee shall enjoy the premises granted to him, or' what particular improvements he shall make thereon, unless those which may be1 specified in such grant. The one made to Bouis, in this case, specifies the uses to which the petitioner, Bouis, was to make of the 1 at,-that of exclusively quar--rijing of rock in the whole extent of the lines thereof; which,, as- stated in the bill of exceptions, was proven to have been done by him on a part of it.-
The instructions of the Court to the jury, that the possession of one spot, to wit : that in the rear of his, Bouis’1 lot, could not he considered ah1 the possession of the adjacent ground, in the rear of Brazeau’s, by him purchased of Bouis, laid clown in the plat as the lot of Bouis, are not, in my opinion, law. A possession of part, under a written grant or document, is, in my belief, in law a possession of the whole j. so that, in that part of those instructions at least, there is error.- The- instructions further state, that Brazeau held and claimed the-ground in the rear of his lot all the time under an adverse claim, which was the only part of which the' defendants had ever taken possession, and over which their ancestors had claimed and exercised acts of ownership, and had been reputed to-have been possessed of, before and ever sinee-tlie date of said petition. If proofs were adduced on the trial, to the effect stated in tlie instructions, none such are set forth in the bill of exceptions, or what these proofs were> so as to enable me to- hazard -an opinion as to them.
Tor the reason above stated, I am of opinion the judgment ought to be reversed! with costs, and the cause remanded for a new trial.
The Court being divided in opinion, judgment affirmed- by statute-.-